IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:19-CV-255-KDB-DCK

| | |
|---|---|
| DARSHEL WAYNE MABRY, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| ANDREW SAUL, | ) |
| Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 5). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered motion and the record, and noting Plaintiff's consent, the undersigned will respectfully recommend that the motion be granted.

Darshel Wayne Mabry ("Plaintiff"), through counsel, initiated this action with the filing of a "Complaint" (Document No. 1) on August 29, 2019. The Complaint asserts that Plaintiff's claims for disability benefits were denied initially and upon reconsideration, and that Administrative Law Judge J. Petri issued an unfavorable decision on August 8, 2018. Id. Plaintiff further asserts that the Appeals Council denied his request for review on June 28, 2019. Id.

This matter was referred to the undersigned by the Honorable Kenneth D. Bell on September 3, 2019.

"Defendant's Motion To Dismiss" (Document No. 5) was filed on November 18, 2019. Defendant contends that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the Complaint was "not filed within 60 days after Plaintiff's presumptive receipt of notice of the

Appeals Council's denial of review of the Administrative Law Judge's decision." (Document No. 5, p. 1). Defendant notes that the Appeals Council denied the request for review on April 29, 2019, *not* June 28, 2019. (Document No. 5-1, p. 1); see also (Document No. 5-2, p. 3).

Plaintiff's "Response To Motion To Dismiss" (Document No. 6) was filed on November 21, 2019. In response, Plaintiff states that "[w]e consent to the dismissal of the complaint in its entirety" and "agree the Motion to Dismiss is appropriate." (Document No. 6, p. 1).

Based on Defendant's motion and supporting legal authority, as well as Plaintiff's consent, the undersigned finds that this action should be dismissed.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document No. 5) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

    **IT IS SO RECOMMENDED**.

Signed: November 22, 2019

David C. Keesler
United States Magistrate Judge

3

Case 1:19-cv-00255-KDB-DCK    Document 7    Filed 11/22/19    Page 3 of 3